Mabshall E. Livingston, J.
This is a motion to dismiss a summons and complaint, in a mortgage foreclosure action, by the defendant Wilkoff Company (Wilkoff), an Ohio corporation and a nondomiciliary of the State of New York.
Service of the summons and complaint was made upon Wilkoff pursuant to section 307 of the Business Corporation Law of the State of New York.
Wilkoff moves to dismiss the summons and complaint on the ground that service was not properly made because it is a foreign corporation and does not and has not done business in New York State within the meaning of CPLR 302 (subd. [a], par. 1).
Subdivision (a) of section 307 of the Business Corporation Law provides as follows: “In any case in which a non-domiciliary would be subject to the personal or other jurisdiction of the courts of this state under article three of the civil practice law and rules, a foreign corporation not authorized to do business in this state is subject to a like jurisdiction. In any such case, process against such foreign corporation may be served upon the secretary of state as its agent. Such process may issue in any court in this state having jurisdiction of the subject matter.” (Italics supplied.)
This is a quasi in rem action.
The action is brought against Wilkoff because it is alleged to have a lien on the property plaintiffs seek to foreclose, which lien plaintiffs claim is subordinate to the lien of their mortgage.
No personal judgment is asked against Wilkoff. The property is located in Monroe County, New York, and this court has jurisdiction over it.
The Business Corporation Law (§ 307, subd. [a]), quoted above, provides a method of obtaining jurisdiction over a nondomiciliaiy corporation because it is subject to “ other ” juris *603 diction of our court. It is true that if “ personal ” jurisdiction were here sought, Wilkoff could be brought in only within the requirements of CPLR 302. Obviously here no “ personal ” jurisdiction over Wilkoff is sought. The complaint is a simple foreclosure action, which Wilkoff must defend if it is to prevent its lien from being declared subordinate to and possibly cut off by plaintiffs’ mortgage.
It is interesting to note that a parallel method of service of process is provided by CPLR 314. There subdivision 2 permits service on a foreign domiciliary, be he an individual or a corporation, where such person is to be excluded or cut off from an interest in or lien upon property in this State. Under that section, however, service of process without the State must be made by personal service upon the individual or corporation.
CPLR 314 (subd. 2) is not the only means whereby service may be made outside the State upon a corporation like Wilkoff which we shall assume has never transacted business in New York so as to bring it under CPLR 302 (subd. [a], par. 1).
In any case where personal judgment is not sought against a foreign corporation not transacting business in New York State and where the type of action brought or remedy sought is provided for under article 3 of the CPLR, then section 307 of the Business Corporation Law provides an alternative method of serving process.
The true purpose of this action is to establish the priority of plaintiffs’ mortgage which is claimed to be in default and to exclude the alleged liens which Wilkoff, among other defendants, asserts.
The motion of defendant Wilkoff is denied, without costs.